## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION TEMPLE, : CIVIL ACTION NO. **3:CV-10-2553**
:
Petitioner : (Judge Nealon)
:
v. : (Magistrate Judge Blewitt)
:
VITO P. GEROULO, et al., :
:
:
Respondents :

## REPORT AND RECOMMENDATION

### I. Background.

On December 16, 2010, Petitioner Dion Temple, an inmate at SCI-Fayette, filed a 2-page handwritten petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. **(Doc. 1)**. On January 3, 2011, Petitioner filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 4). Named as Respondents are Vito P. Geruolo, a Judge of the Lackawanna County Court of Common Pleas, and the Lackawanna County Court of Common Pleas ("CCP").[1]

In his form *in forma pauperis* motion, Petitioner did not respond to the questions as to whether he was employed at the prison and if he received income over the past 12 months. Also, Petitioner attached a certified copy of his Inmate Account, which showed that he had the sum of $34.92 in his prison account as of December 24, 2010. (Doc. 4, attachment).

---

[1]The Court notes that Petitioner has named improper Respondents. The proper Respondent is the Warden at SCI-Fayette. *See* 28 U.S.C. § 2242 & §2243. *See also Nunez v. Lindsay*, 2007 WL 706245, *1, n. 1 (M.D. Pa.)("The proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant.").

Based upon Petitioner's incomplete *in forma pauperis* motion, and in particular Petitioner's account balance, we found that Petitioner had sufficient funds to pay the full $5.00 filing fee in this case. Thus, on January 6, 2011, we issued an Order and directed Petitioner to either pay the full fee of $5.00 within ten (10) days, or show cause by this date why he is unable to do so. (Doc. 5).

In response to our Order, Petitioner filed an Affidavit with an attached document he styled as a Promissory Note, seemingly agreeing to pay in the future the filing fee in this case. Petitioner noted on the so-called Promissory Note that he is "unemployed, poor" and "canut (sic) pay the amount of $5.00." (Doc. 6).

Based on Petitioner's filing, we will recommend that Petitioner's *in forma pauperis* motion be granted. (Doc. 4).

The habeas petition has not yet been served on Respondents directing them to address the Petitioner's claims. Petitioner seemingly requests this Court to direct Judge Geroulo of the CCP to rule on his PCRA Petitions and for this Court to direct the CCP to rule on whether the delay with respect to his PCRA Petitions violated his rights under the U.S. Constitution and the Pennsylvania Constitution.

We give preliminary consideration to the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254. *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] We find, based on the face of the habeas

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

petition, that Petitioner's March 8, 2010 PCRA Petition and subsequent Amended PCRA Petition have not yet been ruled by the CCP with respect to his Lackawanna County conviction and sentence, and that Petitioner's instant claims have not yet been exhausted in the state courts.[3]

To date, it appears from Petitioner's CCP criminal docket sheet that his Amended PCRA Petition, filed on July 6, 2010, is still pending with the CCP.[4]

## II. Claims of Habeas Petition.

Petitioner states that he filed his first PCRA Petition on February 19, 2008, with the CCP and that on June 4, 2009, Respondent Judge Geroulo granted his PCRA Petition in part and reinstated his appellate rights. Petitioner states that Judge Geroulo did not indicate specifically if

---

[3]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte. See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003); *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.).

We note that Petitioner Temple clearly indicates that he has failed to exhaust his state court remedies, since the CCP has not yet ruled on his March 8, 2010 PCRA Petition. It is plain to see from the habeas petition that Petitioner has not yet exhausted his state court remedies, and we will recommend that his habeas petition be dismissed without prejudice to re-file it after he completes exhaustion.

[4]We obtained a copy of Petitioner Temple's CCP docket sheet in his underlying criminal matter by accessing the following website: *http://ujsportal.pacourts.us*. It reveals that Petitioner's Supplement/Amended PCRA Petition was filed on July 6, 2010, and that it is still pending before the Lackawanna County Court of Common Pleas. *See Com. of PA v. Temple*, CP-35-CR-0002381-2006.

Petitioner's CCP docket sheet also reveals that the Commonwealth, *via* the District Attorney's Office, filed its Answer to Petitioner's Supplement/Amended PCRA Petition on August 5, 2010 in CP-35-CR-0002381-2006. The cover sheet of Petitioner's CCP criminal docket sheet indicates that as of October 18, 2010, Petitioner was still waiting for a PCRA hearing.

We take judicial notice of Petitioner's CCP criminal docket sheet since it is a public state court record. We attach Petitioner's CCP criminal docket sheet to this R&R.

his trial and appellate counsel were ineffective for failing "to file docketing statement or appellate brief." (Doc. 1, p. 1).

Petitioner states that on May 12, 2009, Judge Geroulo appointed Attorney Ben Josielevski as his standby counsel with respect to his PCRA Petition. Petitioner states that he advised the court that he did not want standby counsel for appeal purposes, and that despite this, Judge Geroulo "forced standby counsel on Petitioner to hinder PCRA process, discontinue appeal and PCRA." (Doc. 1, pp. 1-2).

Petitioner states that on March 8, 2010, he re-filed a PCRA Petition and that Judge Geroulo (on March 25, 2010) granted a Rule upon the Commonwealth to show cause why Petitioner's PCRA Petition should not be granted.[5] Petitioner states that he then filed an Amended PCRA Petition (on July 6, 2010) even though Judge Geroulo never granted him leave to amend. Petitioner states that the Commonwealth's response to his PCRA Petition and Amended PCRA (filed on August 5, 2010) was not adequate. (*Id.*, p. 2).

Petitioner states that Judge Geroulo refuses to "give an opinion on [his] PCRA Petition and is delaying/controlling skillfully the entire PCRA process." (*Id.*, p. 2). Petitioner claims that the conduct of Judge Geroulo and the inordinate delay in ruling on his PCRA Petitions is violating his constitutional rights, including his rights under both the U.S. Constitution and the Pennsylvania Constitution.

---

[5] Petitioner's CCP criminal docket sheet verifies these facts.

As relief, Petitioner seems to request this Court to direct the CCP to rule on his pending PCRA Petitions and for this Court to direct the CCP to rule on his alleged constitutional violations due to the delay in making a decision. (*Id.*).

## III. Discussion.

Petitioner's CCP criminal docket sheet indicates that on May 2, 2007, Petitioner was found guilty of eight criminal violations including various counts of manufacturing/delivery/possession with intent to deliver a controlled substance, criminal use of communication facility, and criminal conspiracy with respect to the manufacturing/delivery/possession with intent to deliver a controlled substance. Petitioner was sentenced by Respondent Judge Geroulo on August 28, 2007 to a term of imprisonment.

Petitioner Temple's habeas petition is difficult to comprehend, but insofar as he is deemed as claiming that Attorney Josielevski, his court appointed standby counsel with respect to his PCRA Petition, is ineffective, this is not a cognizable habeas claim. In *Branch v. Tennis*, 2008 WL3461918, *4 (E.D. Pa. 8-8-08), the Court stated:

> "The ineffectiveness or incompetence of counsel during ... [s]tate collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also AbuJamal v. Horn*, No. 99-5089, 2001 WL 1609761, at * (E.D.Pa. Dec.18, 2001) (explaining that "no matter how deficient [state collateral post-conviction] representation was, it can not form the basis for habeas corpus relief, which is available only where a conviction has been obtained 'in violation of the Constitution or laws or treaties of the United States' " (quoting 28 U.S.C. § 2254(a))). Therefore, Branch's four new claims are obviously without merit on federal habeas review.FN3 *See, e.g., Williams v. Folino,* No. 07-1099, 2007 WL 336306, at *5 (E.D.Pa. Feb. 4, 2008) (holding a layered ineffective assistance of counsel claim not cognizable on federal habeas review); *Sanders v. Palakovich,* No. 06-1107, 2007 WL 1461946, at *7 (E.D.Pa. May 16, 2007) (holding a layered ineffective assistance of counsel claim not sufficient to establish cause to excuse a procedural default); *Farrar v. Klein,*

No. 05-2663, 2005 WL 3120271, at *4 (E.D.Pa. Nov.22, 2005) (same).

(Footnote omitted).

Moreover, we do not find Petitioner's instant habeas claims seeking this Court to direct the CCP to rule on his pending PCRA Petitions and to direct the CCP to rule on whether the delay in deciding his PCRA Petitions violated his constitutional rights allege that his CCP conviction and sentence violates any provision of the Constitution or laws of the United States. Rather, Petitioner claims that the CCP's failure to decide his March 8, 2010 PCRA Petition and his July 6, 2010 Amended PCRA Petition violates his constitutional rights both under the U.S. Constitution and the Pennsylvania Constitution. Petitioner's claims are not cognizable in a §2254 habeas petition.

In *Mitchell v. Pitkins*, 2010 WL 1837833, *2 (E.D. Pa. 4-14-10), the Court stated:

> The habeas statute provides that a federal court cannot entertain a habeas petition on any grounds other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, the United States Supreme Court has held that federal courts cannot grant habeas relief based on violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, in evaluating the alleged grounds for relief in a habeas corpus petition, the court is limited to federal bases for relief. *Id.* at 68. Moreover, the Third Circuit has indicated that alleged violations of a state constitution are not cognizable in a federal habeas petition. *Reinert v. Larkins*, 379 F.3d 76, 94 n. 4 (3d Cir.2004).

Thus, we find that Petitioner Temple's habeas claims are not cognizable by a federal habeas court. *Id.*

Additionally, it is clear from the habeas petition that Petitioner filed a *pro se* PCRA Petition on March 8, 2010, pursuant to 42 Pa.C.S.A. §§9541, *et seq.*, seeking relief based, in part, on for ineffective assistance of his trial and appellate counsel for failing to file a docketing statement or appellate brief. Petitioner's CCP docket sheet shows that he filed a supplement to his PCRA

Petition on April 16, 2010, and that the Commonwealth filed its Answer to his PCRA Petition on April 23, 2010. Petitioner then filed an Amended PCRA Petition on July 6, 2010, and the Commonwealth filed its Answer on August 5, 2010. Also, Petitioner's CCP docket sheet shows that he has not yet received a hearing and a decision from the Lackawanna County Court on his March 8, 2010 PCRA Petition and his July 6, 2010 Amended PCRA Petition.

Thus, Petitioner's claims raised in his March 8, 2010 PCRA Petition and in his Amended PCRA Petition have not been litigated in the state courts. Therefore, Petitioner's state court remedies are clearly not exhausted, at least with respect to his claims raised in his March 8, 2010 PCRA Petition and in his Amended PCRA Petition. As stated, in his present habeas petition, Petitioner seeks this Court to order the CCP to rule on his PCRA Petitions. Petitioner does not state that he is raising any other claims in his present habeas petition regarding his August 28, 2007 judgment of conviction and sentence in the CCP. Nor does Petitioner indicate if he exhausted any claims in the state courts challenging his CCP conviction and sentence.

In any event, if this Court were to decide Petitioner's instant habeas petition on its merits, then it may have to rule on issues which may currently be pending before the state court on Petitioner's March 8, 2010 PCRA Petition and on his Amended PCRA Petition. We will recommend that in the interests of comity, that the Court refrain from deciding the merits of Petitioner's habeas petition. We will also recommend that, insofar as Petitioner is deemed as challenging his August 28, 2007 judgment of conviction and sentence in the CCP, the Court dismiss Petitioner's habeas petition without prejudice to re-file it once his state court remedies have been exhausted. *See Rivera-Encarnacion v. Folino*, 2009 WL 136184 (M.D. Pa.)(Court dismissed

Petitioner's habeas petition without prejudice to re-file it once his state court remedies were exhausted on the claims contained in his amended PCRA Petition); *Petrov v. Klopotski*, Civil No. 09-0530 (M.D. Pa.). *See also Myers v. Warden of SCI-Albion*, 2010 WL 1838178 (M.D. Pa.)(Court dismissed habeas petition without prejudice to allow the Pennsylvania Supreme Court to rule on Petitioner's Allowance for Appeal regarding the Pennsylvania Superior Court's order affirming the denial of Petitioner's PCRA Petition).

In *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675 (2006), the Court, citing to *Granberry v. Greer*, 481 U.S. 129, 133 (1987), held "that federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level." 126 S.Ct. at 1682. The *Day* Court indicated that, while the Supreme Court did not decide if federal courts, *sua sponte*, may raise a Petitioner's procedural default, such as failure to exhaust state court remedies, all Courts of Appeals have allowed this, including the Third Circuit in *Sweger v. Chesney*, 294 F. 3d 506, 520 (3d Cir. 2002). *Id.*

It is admitted by Petitioner and revealed by the CCP docket sheet that Petitioner filed, *pro se*, his PCRA Petition with the trial court on March 8, 2010, that he filed an Amended PCRA Petition (on July 6, 2010), and that they are still pending with the trial court. Petitioner's PCRA Petitions may have been timely under state law since he states that the CCP reinstated his appellate rights on June 4, 2009, and the CCP docket sheet verifies this. *See* 42 Pa. C.S.A. §9545(b)(1).

Thus, Petitioner has not exhausted his state court remedies. After the trial court decides Petitioner's March 8, 2010 PCRA Petition and his Amended PCRA Petition, Petitioner will then be able to file a Notice of Appeal of an adverse decision with the Pennsylvania Superior Court. During

the time Petitioner's PCRA Petitions remain under review with the state courts, his AEDPA statute of limitations will be tolled. *See Dunn v. Wynder,* 2006 WL 2850631, *2 (M.D. Pa.).

We find that Petitioner's § 2254 habeas petition with this Court should be dismissed without prejudice to re-file it after Petitioner exhausts his state court remedies, *i.e.* his collateral appeal. As the *Dunn* Court noted, "Pennsylvania also has a liberal policy of allowing amendment of a PCRA petition to add new claims, as long as the Petition was filed before the PCRA one-year deadline." 2006 WL 2850631, *2, n. 4 (citation omitted).

While Petitioner claims that no action on his PCRA Petition has been taken by the CCP, his CCP docket sheet reveals that the Commonwealth filed its response to Petitioner's Amended PCRA Petition on August 5, 2010.

Thus, Petitioner does not demonstrate inordinate delay with respect to his state court collateral appeal since Petitioner only recently filed his Amended PCRA Petition and the Commonwealth only responded to it on August 5, 2010. Also, the CCP docket sheet indicates that Petitioner is still awaiting a hearing with the CCP on his PCRA Petitions.

Therefore, insofar as Petitioner is deemed as claiming exhaustion should be excused since there has been a delay in ruling on PCRA Petitions, we find that the delay is not sufficient to excuse exhaustion. In *Myers*, the Court stated:

> In *Wojtczak v. Fulcomer,* 800 F.2d 353 (3d Cir.1986), the Third Circuit Court of Appeals found the passage of thirty-three (33) months between the filing of the petitioner's post-conviction relief petition and his filing of a habeas petition in federal court to be "inordinate" so as to excuse the exhaustion requirement and to require the district court to entertain the habeas petition on the merits. Almost fifteen and one half (15 ½) years later, in *Cristin v. Brennan,* the Third Circuit observed that the thirty-three (33) month delay in *Wojtczak* "remains the shortest delay held to

9

render state collateral proceedings ineffective for purposes of the exhaustion requirement." 281 F.3d 404, 411 (3d Cir.2002). In *Cristin,* the Third Circuit found the twenty-seven (27) month delay between the filing of a PCRA petition and a federal habeas petition to be insufficient to constitute an "inordinate" delay.

Accordingly, where a twenty-seven (27) month delay has been determined to be insufficient to excuse exhaustion, neither the six (6) month delay that occurred in this case between the filing of a PCRA petition in July 2007 and the filing of the instant petition in January 2008, nor the almost one (1) year delay that occurred between the filing of the PCRA petition and its disposition on June 27, 2008, qualifies as an "inordinate" delay so as to excuse Myers from the exhaustion requirement.

2010 WL 1838178, *6.

Since Petitioner Temple filed his Amended PCRA Petition with the CCP (*i.e.* about six months ago), and since the state court has not yet ruled on his PCRA Petitions, which continue to toll Petitioner's AEDPA statute of limitations, we see no need to stay this habeas petition pending exhaustion. Based on the circumstances of this case, there is no risk that Petitioner will be precluded from re-filing his habeas petition with this Court well before his § 2254 statute of limitations will expire.

We find that the present habeas petition, to the extent that it is deemed as challenging his August 2007 CCP judgment of conviction and sentence, should be dismissed without prejudice to re-file it after Petitioner Temple completes exhaustion of his collateral appeal. We find that the state appellate courts should first be given the opportunity to resolve the Petitioner's pending PCRA Petitions regarding his CCP conviction and sentence. We also find that the instant habeas petition should be dismissed without prejudice, pending exhaustion of Petitioner's collateral appeal with the CCP and then with the Pennsylvania Courts of Appeals, as opposed to staying this case until

exhaustion is completed. *See Myers, supra.* Since the state courts have not yet had an opportunity to address the merits of Petitioner's PCRA claims attacking his CCP conviction, his present habeas petition should be dismissed without prejudice.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims. 28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Dunn*, the Court stated:

> Generally, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first exhausted his state court remedies. FN3 *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir.2004), citing 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir.1991).

> > FN3. Exhaustion is excused if there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant. *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir.2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required if there is inordinate delay in state procedures, *id.* at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock*, 821 F.2d 179 (3d Cir.1987).

2006 WL 2850631, *1; *Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

Additionally, the *Dunn* Court stated:

> A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d

11

153, 159 (3d Cir.2000), citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Petitioner has not exhausted his state court remedies. He currently has pending a PCRA petition in the Mifflin County Court of Common Pleas. It appears that on August 24, 2006, a motion to dismiss the petition was filed by the District Attorney's Office. The motion has not yet been addressed by the county court. This court must allow the PCRA proceedings to conclude before entertaining the pending habeas corpus petition. To avoid the risk that a second 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting state court remedies, the court must decide whether to stay the instant petition rather than dismiss it. *See Crews v. Horn,* 360 F.3d 146 (3d Cir.2004).

Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is also tolled for the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. 2244(d)(2).

Given the procedural history of the state post-conviction proceedings, the court can dismiss this petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies.

2006 WL 2850631, *1-*2.

Petitioner Temple should be required to exhaust his claims challenging his Lackawanna County conviction in the Pennsylvania State Courts. Petitioner also requests this federal court to direct the CCP to decide his PCRA Petitions attacking the validity of his conviction, and to direct the CCP to rule on whether his constitutional rights were violated by the delay. As discussed, these are not cognizable habeas claims. In any event, it is clear that insofar as Petitioner is deemed as

challenging his Lackawanna County conviction and sentence, he has not fully exhausted his remedies in the Pennsylvania State Courts.

We find that exhaustion has not been completed in this case and that exhaustion is not futile. We find that Petitioner Temple must exhaust his available state court remedies with respect to his claims challenging his Lackawanna County conviction and sentence. We also find, based on Petitioner's pending state court collateral appeal, that dismissal without prejudice is appropriate as opposed to staying this case. *See Myers, supra.*

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that Petitioner Temple's habeas petition (Doc. 1) be dismissed without prejudice to re-file it after he exhausts his state court remedies. We also recommend that Petitioner's *in forma pauperis* Motion (Doc. 4) be granted.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: January 7, 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION TEMPLE,                  :        CIVIL ACTION NO. **3:CV-10-2553**
                             :
    Petitioner   :        (Judge Nealon)
                             :
    v.           :        (Magistrate Judge Blewitt)
                             :
VITO P. GEROULO, et al.,      :
                             :
                             :
    Respondents  :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 24, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

14

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: January 24, 2011

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



**Docket Number: CP-35-CR-0002381-2006**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Dion Temple

Page 1 of 24

## CASE INFORMATION

Cross Court Docket Nos: CR-0000288-06, 1685 MDA 2007, 1142 MDA 2009, 1201 MDA 2009, 1810 MDA 2010

| | |
|---|---|
| Judge Assigned: | Date Filed: 09/14/2006    Initiation Date: 08/03/2006 |
| OTN: K5103313 | Lower Court Docket No: CR-0000288-06 |
| Initial Issuing Authority: Theodore J Giglio | Final Issuing Authority: Theodore J Giglio |
| Arresting Agency: Attorney General's Office - BNI Region 8 | Arresting Officer: Davenport, Carol A. |
| Case Local Number Type(s) | Case Local Number(s) |

## STATUS INFORMATION

**Case Status:** Closed

**Arrest Date:** 08/03/2006

| Status Date | Processing Status |
|---|---|
| 01/05/2011 | Appeal Decided |
| 10/29/2010 | Awaiting Appellate Court Decision |
| 10/18/2010 | Awaiting Post Conviction Relief Act Hearing |
| 12/08/2009 | Appeal Decided |
| 06/23/2009 | Awaiting Appellate Court Decision |
| 11/26/2007 | Appeal Decided |
| 09/27/2007 | Awaiting Appellate Court Decision |
| 08/28/2007 | Sentenced/Penalty Imposed |
| 08/21/2007 | Awaiting Sentencing |
| 08/21/2007 | Awaiting PSI |
| 07/31/2007 | Awaiting Sentencing |
| 07/31/2007 | Awaiting PSI |
| 05/02/2007 | Awaiting Sentencing |
| 05/01/2007 | Awaiting Trial |
| 10/25/2006 | Awaiting Formal Arraignment |
| 10/24/2006 | Awaiting Trial Scheduling |
| 09/14/2006 | Awaiting Filing of Information |

**Complaint Date:** 07/26/2006

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Dion Temple

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Arraignment | 09/21/2006 | 1:30 pm | | | Scheduled |
| Sentencing | 08/20/2007 | 1:30 pm | | Judge Vito P. Geroulo | Scheduled |
| Sentencing | 08/27/2007 | 1:30 pm | | Judge Vito P. Geroulo | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 09/13/2006 | MDJ Confinement | Lackawanna County Prison | Bail Not Posted | Yes |
| 09/13/2006 | County Jail | SCI Fayette | Bail Not Posted | Yes |

## DEFENDANT INFORMATION

Date Of Birth:  11/01/1971   City/State/Zip: Philadelphia, PA 19120

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Temple, Dion |

## BAIL INFORMATION

**Temple, Dion**                                                      **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 08/03/2006 | Monetary | | $10,000.00 | | |
| Increase Bail Amount | 09/13/2006 | Monetary | 10.00% | $150,000.00 | | |
| | | | | | Posted | 01/02/2007 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Date | OTN |
|------|-----------|-------|---------|--------------------|--------------|-----|
| 1 | 1 | F | 35 § 780-113 §§A30 | Manuf/Del/Poss/W Int Manuf Or Del | 07/06/2006 | K5103313 |
| 2 | 2 | F3 | 18 § 7512 §§A | Criminal Use Of Communication Facility | 07/06/2006 | K5103313 |
| 3 | 4 | F | 35 § 780-113 §§A30 | Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | 07/06/2006 | K5103313 |
| 4 | 3 | F3 | 18 § 7512 §§A | Criminal Use Of Communication Facility | 07/06/2006 | K5103313 |
| 5 | 5 | F | 35 § 780-113 §§A30 | Manuf/Del/Poss/W Int Manuf Or Del | 07/11/2006 | K5103313 |
| 6 | 6 | F3 | 18 § 7512 §§A | Criminal Use Of Communication Facility | 07/11/2006 | K5103313 |
| 7 | 7 | F | 35 § 780-113 §§A30 | Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | 07/11/2006 | K5103313 |
| 8 | 8 | F3 | 18 § 7512 §§A | Criminal Use Of Communication Facility | 07/11/2006 | K5103313 |

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade    Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |
| Linked Offense - Sentence | Link Type | Linked Docket Number |

**Lower Court Proceeding (generic)**

| Lower Court Disposition | 09/13/2006 | Not Final | |
|---|---|---|---|
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Waived for Court (Lower Court) | F | 35§780-113§§A30 |
| 2 / Criminal Use Of Communication Facility | Waived for Court (Lower Court) | F3 | 18§7512§§A |
| 3 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Waived for Court (Lower Court) | F | 18§903§§A1 |
| 4 / Criminal Use Of Communication Facility | Waived for Court (Lower Court) | F3 | 18§7512§§A |

**Guilty**

| Trial | 05/02/2007 | Final Disposition | |
|---|---|---|---|
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Guilty | F | 35§780-113§§A30 |
| Geroulo, Vito P. | 08/28/2007 | 153 Days | |
| Confinement | Min of 18.00 Months | | |
| | Max of 48.00 Months | | |
| | Other | | |
| 18§7512§§A - Confinement | Concurrent From Seq. 2 | CP-35-CR-0002381-2006 | |
| 35§780-113§§A30 - Confinement | Concurrent From Seq. 3 | CP-35-CR-0002381-2006 | |
| 18§7512§§A - Confinement | Concurrent From Seq. 4 | CP-35-CR-0002381-2006 | |
| 35§780-113§§A30 - Confinement | Consecutive From Seq. 5 | CP-35-CR-0002381-2006 | |
| 18§7512§§A - Confinement | Concurrent From Seq. 6 | CP-35-CR-0002381-2006 | |
| 35§780-113§§A30 - Confinement | Consecutive From Seq. 7 | CP-35-CR-0002381-2006 | |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | CP-35-CR-0002381-2006 | |
| | | | |
| 2 / Criminal Use Of Communication Facility | Guilty | F3 | 18§7512§§A |
| Geroulo, Vito P. | 08/28/2007 | | |
| Confinement | Min of 9.00 Months | | |
| | Max of 18.00 Months | | |
| | Other | | |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 1 | CP-35-CR-0002381-2006 | |
| 35§780-113§§A30 - Confinement | Concurrent From Seq. 3 | CP-35-CR-0002381-2006 | |
| 18§7512§§A - Confinement | Concurrent From Seq. 4 | CP-35-CR-0002381-2006 | |
| 18§7512§§A - Confinement | Concurrent From Seq. 6 | CP-35-CR-0002381-2006 | |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | CP-35-CR-0002381-2006 | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| Linked Offense - Sentence | Link Type | | Linked Docket Number |

| | | | |
|---|---|---|---|
| 3 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del | Guilty | F | 18§903§§A1 |
| Geroulo, Vito P. | 08/28/2007 | | |
| Confinement | Min of 15.00 Months | | |
| | Max of 30.00 Months | | |
| | Other | | |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 1 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 2 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 4 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 6 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | | CP-35-CR-0002381-2006 |
| | | | |
| 4 / Criminal Use Of Communication Facility | Guilty | F3 | 18§7512§§A |
| Geroulo, Vito P. | 08/28/2007 | | |
| Confinement | Min of 9.00 Months | | |
| | Max of 18.00 Months | | |
| | Other | | |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 1 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 2 | | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 3 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 6 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | | CP-35-CR-0002381-2006 |
| | | | |
| 5 / Manuf/Del/Poss/W Int Manuf Or Del | Guilty | F | 35§780-113§§A30 |
| Geroulo, Vito P. | 08/28/2007 | | |
| Confinement | Min of 15.00 Months | | |
| | Max of 48.00 Months | | |
| | Other | | |
| 35§780-113§§A30 - Confinement | Consecutive To Seq. 1 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 6 | | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Consecutive From Seq. 7 | | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | | CP-35-CR-0002381-2006 |
| | | | |
| 6 / Criminal Use Of Communication Facility | Guilty | F3 | 18§7512§§A |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET

Docket Number: CP-35-CR-0002381-2006

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

Page 6 of 24

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event<br>Sequence/Description<br>Sentencing Judge<br>Sentence/Diversion Program Type<br>Sentence Conditions<br>Linked Offense - Sentence | Disposition Date<br>Offense Disposition<br>Sentence Date<br>Incarceration/Diversionary Period<br>Link Type | Final Disposition<br>Grade Section<br>Credit For Time Served<br>Start Date<br>Linked Docket Number |
|---|---|---|

Geroulo, Vito P.
  Confinement

08/28/2007
Min of 9.00 Months
Max of 18.00 Months
Other

| | | |
|---|---|---|
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 1 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 2 | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 3 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 4 | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 5 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | CP-35-CR-0002381-2006 |

7 / Criminal Conspiracy Engaging - Manuf/Del/Poss/W Int Manuf Or Del     Guilty     F    18§903§§A1

Geroulo, Vito P.
  Confinement

08/28/2007
Min of 15.00 Months
Max of 48.00 Months
Other

| | | |
|---|---|---|
| 35§780-113§§A30 - Confinement | Consecutive To Seq. 1 | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Consecutive To Seq. 5 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent From Seq. 8 | CP-35-CR-0002381-2006 |

8 / Criminal Use Of Communication Facility     Guilty     F3    18§7512§§A

Geroulo, Vito P.
  Confinement

08/28/2007
Min of 9.00 Months
Max of 18.00 Months
Other

| | | |
|---|---|---|
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 1 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 2 | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 3 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 4 | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 5 | CP-35-CR-0002381-2006 |
| 18§7512§§A - Confinement | Concurrent To Seq. 6 | CP-35-CR-0002381-2006 |
| 35§780-113§§A30 - Confinement | Concurrent To Seq. 7 | CP-35-CR-0002381-2006 |

AOPC 2220 - Rev 01/21/2011

Printed: 01/21/2011


Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|

<u>Name:</u>    Stephanie Lynne Austria

          District Attorney

<u>Supreme Court No:</u>   092451

<u>Phone Number(s):</u>

    (570) 963-6717    (Phone)

    (570) 941-8948    (Fax)

<u>Address:</u>

    200 N Washington Avenue

    Scranton PA  18503


<u>Name:</u>    Jason M. O'Malley

          District Attorney

<u>Supreme Court No:</u>   092519

<u>Phone Number(s):</u>

    (570) 963-6452    (Phone)

<u>Address:</u>

    Lynott & O'Malley

    PO Box 566

    Scranton PA  18501


<u>Name:</u>    Ryan Michael Scanlon

          District Attorney

<u>Supreme Court No:</u>   209182

<u>Phone Number(s):</u>

    (570) 963-6717    (Phone)

<u>Address:</u>

    415 Spruce Street

    Scranton PA  18503

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Docket Number: CP-35-CR-0002381-2006**

# CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 09/14/2006 | |

Original Papers Received from Lower Court

Court of Common Pleas - Lackawanna County

| 1 | 10/24/2006 | |

Notice of pretrial conference for 10-27

Commonwealth of Pennsylvania

| 1 | 10/25/2006 | |

Information Filed

Commonwealth of Pennsylvania

| 1 | 10/27/2006 | |

Pre-Trial Order of Court

Geroulo, Vito P.

| 1 | 12/29/2006 | |

UPDATED DOCKET TRANSCRIPT FROM LOWER COURT WITH CORRECT BAIL INFORMATION

Court of Common Pleas - Lackawanna County

| 1 | 01/02/2007 | |

Bail Posted - Temple, Dion

Masten, Diana

| 1 | 01/03/2007 | |

Ordered Public Defenders Office be Appointed to Represent Defendant

Geroulo, Vito P.

| 1 | 01/19/2007 | |

Order Granting Motion for Extension of Time to File Omnibus Pre-Trial Motion

Geroulo, Vito P.

| 1 | 02/05/2007 | |

Omnibus Pre-Trial Motion

Temple, Dion
Walker, Paul Joseph

AOPC 2220 - Rev 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 02/08/2007 | |
| Hearing scheduled. | | |
| | | Barrasse, Michael J. |
| 1 | 02/22/2007 | |
| Commonwealth's Brief in support of its answer to Omnibus Pretrial Motion | | |
| | | O'Malley, Jason M. |
| 1 | 02/23/2007 | |
| Court Ordered - Listed for Pretrial | | |
| | | Geroulo, Vito P. |
| 1 | 04/23/2007 | |
| AMENDED INFORMATION FILED | | |
| | | O'Malley, Jason M. |
| 1 | 04/26/2007 | |
| Transcript of Proceedings Filed FROM HEARING OF April 18, 2007 | | |
| | | Ameilia Nikol - Lackawanna Cty Court Reporter |
| 1 | 05/02/2007 | |
| Guilty | | |
| | | Geroulo, Vito P. |
| 2 | 05/02/2007 | |
| Verdict or Verdict Slips Filed | | |
| | | Geroulo, Vito P. |
| 1 | 08/26/2007 | |
| Order - Sentence/Penalty Imposed | | |
| | | Geroulo, Vito P. |
| 2 | 08/28/2007 | |
| Defendant's Rights at Sentencing | | |
| | | Geroulo, Vito P. |
| 1 | 09/12/2007 | |
| Penalty Assessed | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania
v.
Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | |
|---|---|---|---|
| | | | Court of Common Pleas - Lackawanna County |
| 2 | 09/12/2007 | | |
| DL-21D NOTICE SENT | | | |
| | | | Rinaldi, Mary F. |
| 1 | 09/26/2007 | | |
| Inmate Body Receipt and Documents Receipt | | | |
| | | | Lackawanna County Sheriff's Department |
| 1 | 09/27/2007 | | |
| Notice of Appeal to the Superior Court | | | |
| | | | Jalon, Andres |
| 1 | 10/02/2007 | | |
| Concise Statement Order | | | |
| | | | Geroulo, Vito P. |
| 1 | 10/05/2007 | | |
| Bail Refund | | | |
| | | | Temple, Dion |
| 1 | 10/09/2007 | | |
| Appeal Docket Sheet from Superior Court of PA; number 1685 MDA07, rec due 11/26/2007 | | | |
| | | | Superior Court of Pennsylvania - Middle District |
| 1 | 11/14/2007 | | |
| Certificate and Transmittal of Record to Appellate Court | | | |
| | | | Court of Common Pleas - Lackawanna County |
| 1 | 11/26/2007 | | |
| Superior Court Decision; appeal dismissed for failure of counsel to file a brief | | | |
| | | | Superior Court of Pennsylvania - Middle District |

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



## CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

### ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 12/06/2007 | |

Transcript of Proceedings Of Jury Trial On May 2, 2007 (Morning) Before Judge Geroulo, Courtroom 2

Mary Jane Calzola - Lackawanna Cty
Court Reporter

| 2 | 12/06/2007 | |

Transcript of Proceedings Of Jury Trial Before Judge Geroulo On May 2, 2007 PM Courtroom 2

Mary Jane Calzola - Lackawanna Cty
Court Reporter

| 3 | 12/06/2007 | |

Transcript of Proceedings Of Jury Trial On May 1, 2007 Before Judge Geroulo In Courtroom 2

Mary Jane Calzola - Lackawanna Cty
Court Reporter

| 1 | 01/03/2008 | |

Superior Court Decision; affirmed file returned

Court of Common Pleas - Lackawanna
County

| 1 | 02/19/2008 | |

Post-Conviction Collateral Relief Act Motion

Temple, Dion

| 1 | 11/24/2008 | |

Response to Defendant's Motion for Post Conviction Collateral Relief

Commonwealth of Pennsylvania

| 1 | 11/26/2008 | |

Atty Jalon to forward to Atty Lyott case file

Geroulo, Vito P.

| 1 | 12/15/2008 | |

Pro Se Correspondence; letter inquiring about certified mail (copy rec from Judge Geroulo)

Temple, Dion

| 1 | 01/07/2009 | |

Transcript of Proceedings of PCRA Hearing Before J Geroulo 11/25/08

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | |
|---|---|---|---|
| | | | Tara B. Jones - Lackawanna Cty Court Reporter |
| 1 | 05/12/2009 | | |
| Ben Josielevski appt standby PCRA counsel | | | |
| | | | Geroulo, Vito P. |
| 1 | 05/13/2009 | | |
| Pro se petition for bail pending appeal | | | |
| | | | Temple, Dion |
| 2 | 05/13/2009 | | |
| Petiton for transcripts | | | |
| | | | Temple, Dion |
| 1 | 05/26/2009 | | |
| Amended Pcra petition | | | |
| | | | Temple, Dion |
| 2 | 05/26/2009 | | |
| Pro Se Correspondence | | | |
| | | | Temple, Dion |
| 1 | 06/04/2009 | | |
| Transcript of Proceedings PCRA Hearing By Video Conference Before Judge Geroulo On April 28, 2009 | | | |
| | | | Erin Walker - Lackawanna Cty Court Reporter |
| 3 | 06/04/2009 | | |
| PCRA is granted in part, appeal rights are reinstated | | | |
| | | | Geroulo, Vito P. |
| 1 | 06/23/2009 | | |
| Notice of Appeal to the Superior Court | | | |
| | | | Temple, Dion |
| 1 | 06/25/2009 | | |
| Defendant request to proceed pro se is granted, B. Josielevski as standby | | | |
| | | | Geroulo, Vito P. |

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 07/03/2009 | |
| Copy of trial transcript sent to defendant | | |
| | | Court of Common Pleas - Lackawanna County |
| 1 | 07/09/2009 | |
| Transcript of Proceedings Filed; video PCRA conference 6/25/09 | | |
| | | Casie Lynott - Lackawanna Cty Court Reporter |
| 2 | 07/09/2009 | |
| Notice of Appeal to the Superior Court | | |
| | | Temple, Dion |
| 3 | 07/09/2009 | |
| Motion to Proceed In Forma Pauperis | | |
| | | Temple, Dion |
| 4 | 07/09/2009 | |
| Letter from defendant to Judge Geroulo | | |
| | | Temple, Dion |
| 5 | 07/09/2009 | |
| Motion to vacate/reconsider fines costs | | |
| | | Temple, Dion |
| 1 | 07/14/2009 | |
| Concise Statement Order | | |
| | | Geroulo, Vito P. |
| 1 | 07/16/2009 | |
| Docketing Statement from Superior Court; number 1142 MDA 09, record due August 24, 2009 | | |
| | | Superior Court of Pennsylvania - Middle District |
| 1 | 07/20/2009 | |
| Request for transcripts | | |
| | | Temple, Dion |

AOPC 2220 - Rev 01/21/2011

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Docket Number: CP-35-CR-0002381-2006**
# CRIMINAL DOCKET
#### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|

**2**    07/20/2009
Motion to modify/reduce sentence

         Temple, Dion

**1**    07/22/2009
Commonwealth's Answer to motion to modify senetence

         O'Malley, Jason M.

**2**    07/22/2009
Order Denying Motion for Reconsideration of Sentence

         Geroulo, Vito P.

**1**    07/27/2009
Docketing Statement from Superior Court number 1201 MDA c09, record due Sept. 8, 2009

         Superior Court of Pennsylvania - Middle District

**1**    07/31/2009
Motion for recusal

         Temple, Dion

**1**    08/04/2009
Concise Statement of Errors Complained on Appeal

         Temple, Dion

**2**    08/04/2009
Request for copies of file

         Temple, Dion

**1**    08/12/2009
Copy of trial transcript to be prepared and sent to standby counsel

         Geroulo, Vito P.

**1**    08/19/2009
Copy of file sent to defendant

         Court of Common Pleas - Lackawanna County

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



## CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 08/24/2009 | |
| Transmittal of Record to Appellate Court | | |
| | | Court of Common Pleas - Lackawanna County |
| 1 | 09/29/2009 | |
| Rule 1925 a statement | | |
| | | Geroulo, Vito P. |
| 1 | 09/30/2009 | |
| Supplemental record sent to superior court | | |
| | | Court of Common Pleas - Lackawanna County |
| 1 | 10/20/2009 | 10/20/2009 |
| ltr fwd to Judge Geroulo re: motion to modify and reduce sentence nunc pro tunc | | |
| | | Temple, Dion |
| 1 | 10/21/2009 | |
| Superior Court Order; petition for bail denied and ret to lower ct, application for transcript of se | | |
| | | Superior Court of Pennsylvania - Middle District |
| 1 | 10/29/2009 | |
| Order Denying Motion for the Setting of Bail Pending Appeal | | |
| | | Geroulo, Vito P. |
| 2 | 10/29/2009 | |
| Order Denying Motion for Modification of Sentence | | |
| | | Geroulo, Vito P. |
| 1 | 11/09/2009 | |
| Pro Se Correspondence; letter from defendant fwd to Judge Geroulo | | |
| | | Temple, Dion |
| 1 | 11/12/2009 | |
| Superior Court Order; appeal at 1142MDA09 is dismissed as duplicative | | |
| | | Superior Court of Pennsylvania - Middle District |

AOPC 2220 - Rev 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Docket Number: CP-35-CR-0002381-2006**

# CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
| --- | --- | --- |

1      11/17/2009

Transcript of sentence 8/28/07

Mark Wozniak - Lackawanna Cty Court Reporter

1      11/19/2009

Supplemental record sent to superior court

Court of Common Pleas - Lackawanna County

1      12/08/2009

Superior Court Decision; appeal discontinued and Atty Josielevski withdraws as stanby counsel, file

Superior Court of Pennsylvania - Middle District

1      12/17/2009      12/17/2009

motion to modify and reduce sentence NUNC PRO TUNC fwd to Judge Geroulo

Temple, Dion

2      12/17/2009      12/17/2009

request for transcript form forwarded to def AGAIN

Temple, Dion

1      12/18/2009

Motion to modify sentence nunc pro tunc

Temple, Dion

1      12/21/2009

Motion to Withdraw Appearance and counsel fees

Josielevski, Ben

2      12/21/2009

Order Granting Motion to Withdraw Counsel and fees to be paid

Geroulo, Vito P.

1      12/23/2009

Order Denying Motion for Modification of Sentence Nunc Pro Tunc

Geroulo, Vito P.

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|

**1**     03/08/2010

Post-Conviction Collateral Relief Act Motion

                                          Temple, Dion

**2**     03/08/2010

Statement of facts

                                          Temple, Dion

**3**     03/08/2010

Motion for return of property

                                          Temple, Dion

**4**     03/03/2010

Motion to dismiss for lack of Jurisdiction

                                          Temple, Dion

**5**     03/08/2010

Petition for writ of mandamus

                                          Temple, Dion

**6**     03/08/2010

Motion for ifp

                                          Temple, Dion

**7**     03/08/2010

Notice of default

                                          Temple, Dion

**8**     03/08/2010

Cease and desist

                                          Temple, Dion

**1**     03/25/2010

Rule is granted on commonwealth; defendant is to proceed prose; ifp status granted

                                          Geroulo, Vito P.

**1**     03/31/2010

Letter from clerks office to defendant requesting exactly what he requires as to copies of file

AOPC 2220 - Rev 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Docket Number: CP-35-CR-0002381-2006
# CRIMINAL DOCKET
#### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | |
|---|---|---|---|
| | | | Court of Common Pleas - Lackawanna County |
| 1 | 04/16/2010 | | |
| Supplement to PCRA petition, request for transcripts (fwd to Amelia Nicol by clerks office), letter | | | Temple, Dion |
| 1 | 04/20/2010 | | |
| Transcript of sentence | | | Mark Wozniak - Lackawanna Cty Court Reporter |
| 1 | 04/21/2010 | | |
| Transcript of Proceedings Of Sentencing Before Judge Geroulo On August 28, 2007 | | | Mark Wozniak - Lackawanna Cty Court Reporter |
| 1 | 04/23/2010 | | |
| Commonwealth's answer to PCRA | | | Scanlon, Ryan Michael<br>Austria, Stephanie Lynne |
| 1 | 05/11/2010 | | |
| Order and affidavit regarding latest request from defendant | | | Court of Common Pleas - Lackawanna County<br>Geroulo, Vito P. |
| 1 | 05/12/2010 | | |
| Motion for bail pending appeal | | | Temple, Dion |
| 1 | 05/25/2010 | | |
| Order Denying Motion for the Setting of Bail Pending Appeal as no appeal is on file | | | Geroulo, Vito P. |
| 1 | 06/02/2010 | | |
| Motion for recusal (fwd to Judge Geroulo) | | | Temple, Dion |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
| --- | --- | --- |

**1**  06/15/2010
Motion for bail pending appeal (fwd to J. Geroulo)

Temple, Dion

**2**  06/15/2010
Motion to reduce sentence nunc pro tunc (f'd to J. Geroulo)

Temple, Dion

**3**  06/15/2010
Motion for mandamus (fwd to J. Geroulo)

Temple, Dion

**4**  06/15/2010
List of questions from defendant, (answered 6/23/10 clerks office)

Temple, Dion

**1**  07/01/2010
Order Denying Motion for Recusal Filed

Geroulo, Vito P.

**1**  07/02/2010
Motion to remove atty's Walker and Josielevski from docket; t'wd to Judge Geroulo and da

Temple, Dion

**1**  07/06/2010
Supplement to PCRA/Amended PCRA petition/Memorandum of Law letter from Judge Harhut

Temple, Dion

**1**  07/14/2010
Order Denying Motion for the Setting of Bail Pending Appeal

Geroulo, Vito P.

**1**  07/15/2010
Transcript of Proceedings Of Pre-Trials Before Judge Geroulo On October 27, 2006

Lisa Graff - Lackawanna Cty Court Reporter

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Docket Number: CP-35-CR-0002381-2006**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
| --- | --- | --- |

1      07/23/2010
Letter to Judges; not forwarded to Judge Geroulo at request of defendant

Temple, Dion

2      07/23/2010
Petiton for bail pending appeal; not forwarded to Judge Geroulo at request of defendat

Temple, Dion

1      07/26/2010
Pro Se Correspondence

Temple, Dion

1      07/29/2010
Motion to dismiss per rule 600

Temple, Dion

1      08/04/2010
Pro Se Correspondenc; request to remove atty Walker and Josielevski from docket(fwd to Judge Geroul

Temple, Dion

1      08/05/2010
Commonwealth's Answer to supplemental moton fro PCRA

Austria, Stephanie Lynne

2      08/05/2010
Pro se motion to dismiss and affidavit(judge Geroulo and DA served)

Temple, Dion

1      08/24/2010
Order Denying Motion to Dismiss

Geroulo, Vito P.

1      08/25/2010
Pro Se Correspondence to correct docket entry (done)

Temple, Dion

1      09/14/2010
application for bail pending appeal/pcra (recvd from Superior Court)

Temple, Dion

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



# CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Dion Temple

## ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 09/20/2010 | |
| Order Denying Motion to Set Bail | | |
| | | Geroulo, Vito P. |
| 1 | 10/01/2010 | |
| Letter Judge Geroulo | | |
| | | Temple, Dion |
| 1 | 10/19/2010 | |
| Reply brief for appellant | | |
| | | Temple, Dion |
| 2 | 10/19/2010 | |
| Writ of error in nature of motion for dismissal | | |
| | | Temple, Dion |
| 1 | 10/29/2010 | 10/29/2010 |
| letter received this date forwarded to Civil Division | | |
| | | Temple, Dion |
| 2 | 10/29/2010 | |
| Notice of Appeal to the Superior Court | | |
| | | Temple, Dion |
| 1 | 11/10/2010 | 11/10/2010 |
| Letter | | |
| | | Temple, Dion |
| 1 | 11/16/2010 | 11/16/2010 |
| private criminal complaint forwarded to DA's and Judge Geroulo and Judge Moyle | | |
| | | Temple, Dion |
| 1 | 11/18/2010 | 11/18/2010 |
| private complaint/request for documents/motion for recusal | | |
| | | Temple, Dion |
| | | Walker, Paul Joseph |

AOPC 2220 - Rev 01/21/2011

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

Page 22 of 24

v.

Dion  Temple
### ENTRIES

| Sequence Number | CP Filed Date | Document Date |
|---|---|---|
| 1 | 11/30/2010 | 11/30/2010 |

private criminal complaint/Jason O'Malley

Temple, Dion

---

| 1 | 12/08/2010 | |

Docketing Statement from Superior Court File Due 12/28/10

Superior Court of Pennsylvania - Middle District

---

| 1 | 12/15/2010 | 12/15/2010 |

letter addressed to Judge Geroulo

Temple, Dion

---

| 1 | 12/22/2010 | 12/22/2010 |

fwd ltr to Judge Geroulo, DA and Civil Div

Temple, Dion

---

| 1 | 01/03/2011 | 01/03/2011 |

fwd copies of docket sheets to def per his request

Temple, Dion

---

| 1 | 01/05/2011 | |

SUPERIOR COURT ORDER APPEAL IS DISMISSED FOR FAILURE  OF THE APPELLANT TO COMPLY WITH PA. R.A.P. 351

Superior Court of Pennsylvania - Middle District

---

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



Commonwealth of Pennsylvania

v.

Dion Temple

## CASE FINANCIAL INFORMATION

Last Payment Date: 12/28/2010      Total of Last Payment: -$18.00

| Temple, Dion<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| State Court Costs (Act 204 of 1976) | $11.09 | $0.00 | $0.00 | $0.00 | $11.09 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $16.64 | $0.00 | $0.00 | $0.00 | $16.64 |
| County Court Cost (Act 204 of 1976) | $24.27 | $0.00 | $0.00 | $0.00 | $24.27 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | -$35.00 | $0.00 | $0.00 | $0.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | -$25.00 | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund (158 of 1994) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| DA's Fingerprint Assess. (Lackawanna) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Automation Fee (Lackawanna) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Docket Number: CP-35-CR-0002381-2006**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Dion Temple

## CASE FINANCIAL INFORMATION

| Temple, Dion<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | -$8.00 | $0.00 | $0.00 | $0.00 |
| ATJ | $2.00 | -$2.00 | $0.00 | $0.00 | $0.00 |
| County Costs (Lackawanna) | $18.00 | -$18.00 | $0.00 | $0.00 | $0.00 |
| DA's Drug Program (Lackawanna) | $350.00 | -$285.90 | $0.00 | $0.00 | $64.10 |
| Trial J/NJ (Lackawanna) | $160.00 | -$160.00 | $0.00 | $0.00 | $0.00 |
| Superior Court Appeal (Lackawanna) | $45.00 | -$45.00 | $0.00 | $0.00 | $0.00 |
| Bail Poundage (Lackawanna) | $170.00 | -$170.00 | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $1,455.00 | -$818.90 | $0.00 | $0.00 | $636.10 |
| **Fines** | | | | | |
| Crimes Code, etc. | $5,000.00 | $0.00 | $0.00 | $0.00 | $5,000.00 |
| Fines Totals: | $5,000.00 | $0.00 | $0.00 | $0.00 | $5,000.00 |
| Grand Totals: | $6,455.00 | -$818.90 | $0.00 | $0.00 | $5,636.10 |

** - Indicates assessment is subrogated

Printed: 01/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.