IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 01 2011

PER _____
DEPUTY CLERK

DION A. TEMPLE,
    Petitioner

v.

VITO P. GEROULO, et al.,
    Respondents

NO. 3:10-CV-2553

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM and ORDER

On December 16, 2010, Petitioner, Dion A. Temple, an inmate currently confined at the State Correctional Institution Fayette in LaBelle, Pennsylvania filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that Respondent, Judge Vito P. Geroulo of the Pennsylvania Court of Common Pleas for Lackawanna County, is violating his constitutional rights by refusing to rule on Petitioner's Post Conviction Relief Act ("PCRA") petition. (Doc. 1). Pursuant to the screening requirements of Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Thomas M. Blewitt reviewed the petition. On January 24, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") concluding that this action should be dismissed without prejudice to re-file after Petitioner has exhausted his state court remedies and recommending that Petitioner's in forma pauperis motion be granted. (Doc. 7) Petitioner filed objections (Doc. 11) to the R&R on March 4, 2011 and the R&R and objections are now ripe. For the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the district court must make a de novo review of those portions of the report to

1

which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)); compare Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

In the R&R, Magistrate Judge Blewitt determined, after a review of the Court of Common Pleas of Lackawanna County criminal docket sheet, that Petitioner's amended PCRA petition is still pending, and therefore, his instant claims have not been exhausted in the state courts. (Doc. 7, p. 8). The Magistrate Judge concludes that Petitioner's claims that his constitutional rights are being violated by Judge Geroulo's failure to rule on his PCRA petitioner are not cognizable in a § 2254 habeas petition. (Doc. 7, p. 6). The Magistrate Judge also opines that the delay in ruling on the PCRA petition is not sufficient to excuse exhaustion. (Doc. 7, p.

9).

In his objections, Petitioner lays out a statement of facts regarding his arrest and makes arguments as to why his conviction should be overturned. (Doc. 13, p. 2-4). The only discernable objection to the R&R is Petitioner's argument that the delay in ruling by the Court of Common Pleas is inordinate requiring an excuse of exhaustion because the Court of Common Pleas "decided improperly" on his first PCRA petition filed on February 19, 2008. (Doc. 13, pp. 1-2). In other words, Petitioner is arguing that the Magistrate Judge, in determining whether Petitioner has demonstrated inordinate delay, should have tolled from the initial PCRA filing on February 19, 2008 and not from August 5, 2010: the date the Commonwealth responded to Petitioner's amended PCRA petition.

Petitioner's objection will be overruled. The undersigned is in agreement with the Magistrate Judge that delay in ruling on the PCRA petitions is not inordinate requiring an excuse of exhaustion. This Court shall not entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court unless the applicant has exhausted the remedies available in the state courts, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). The delay in ruling on Petitioner's PCRA petitions does not make the state court's review process unavailable or ineffective. An independent review of the Court of Common Pleas of Lackawanna County Docket shows that, since the Magistrate Judge's R&R, an evidentiary hearing has been scheduled by Judge Vito P. Geroulo. Comity and judicial economy requires this Court to abstain from ruling on matters currently and properly before the state court. See Maisonet v. Beard, 2009 U.S. Dist. LEXIS

3

5581, *9 (E.D. Pa. 2009), citing Luckett v. Folino, 264 F. Appx. 171, 173 (3d Cir. 2008) ("When a previously stalled state action begins moving again, we generally hold that a state remedy is, once again, available, and that the petitioner should exhaust it."); Cristin v. Brennan, 281 F.3d 404 (3d Cir. 2002) ("Indeed, our cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume."). Further, it appears that Judge Geroulo has addressed the plethora of miscellaneous motions in the matter in an expeditious manner. The record does not reflect that the state court action has been sitting idol since the initial PCRA petition. In fact, Judge Geroulo filed an order on the original petition and has now scheduled a hearing. Because Petitioner's PCRA petitions are being addressed by the state court, the instant action will be dismissed without prejudice to Petitioner to re-file after having exhausted his state court remedies.

**CONCLUSION**

Petitioner's objection will be overruled and the Magistrate Judge's R&R will be adopted in its entirety.

Date: September 1, 2011

_____
**United States District Judge**

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION A. TEMPLE, :
       Petitioner : NO. 3:10-CV-2553
        :
v. : (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)
VITO P. GEROULO, et al., :
       Respondents :

## MEMORANDUM and ORDER

**NOW, this 1st day of September, 2011,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objection (Doc. 11) to the Magistrate Judge's Report and Recommendation is **OVERRULED**;

2. The Magistrate Judge's Report & Recommendation (Doc. 7) is **ADOPTED**;

3. Petitioner's Motion for Expedited Hearing/Bail (Doc. 13) is **DENIED** as moot;

4. Petitioner is **GRANTED** permission to proceed **in forma pauperis** and will not be required to pay the filing fee;

5. There is no basis for the issuance of a Certificate of Appealability; and

6. The Clerk of Court shall **CLOSE** this case.

*[signature]*
_____
**United States District Judge**